Dennis K. Burke
United States Attorney
District of Arizona

Ignacia S. Moreno
Assistant Attorney General
U.S. Department of Justice, Environment and Natural Resources Division

Tyler Welti
Trial Attorney, CA Bar #257993
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington D.C. 20044-0663
202-305-0481(tel.); 202-305-0506 (fax)
tyler.welti@usdoj.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> KEN SALAZAR, Secretary of the Interior, and U.S. BUREAU OF LAND MANAGEMENT, <br><br> Defendants. | Case No. 3:09-cv-08207-DGC <br><br> **ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Federal Defendants, Ken Salazar, in his official capacity as Secretary of the Department of the Interior, and the U.S. Bureau of Land Management ("BLM") (collectively, "the Defendants"), hereby answer the allegations contained in Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief, dated February 1, 2010 (dkt. no. 17) ("the Complaint"), as follows. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

1. The allegations in sentence 1 of paragraph 1 constitute Plaintiffs' characterization of their Complaint and legal conclusions to which no response is required. To the extent an answer

may be required, Defendants deny these allegations. Defendants admit the allegations in sentence 2. The allegations in sentence 3 purport to characterize a Segregation Order that speaks for itself and is the best evidence of its content and, therefore, no response is required. Defendants deny the allegations in sentence 4.

2. Defendants admit the allegations in sentence 1 of paragraph 2. Defendants admit the allegations in sentence 2 and aver that BLM approved mining activities in the 1988 Plan of Operations. Defendants deny the allegations in sentence 3 and aver that the Mine was in a period of non-operation from approximately 1992 until recently in accordance with the 1988 Plan of Operations. Defendants deny the allegations in sentence 4.

3. Defendants deny the allegations in sentence 1 of paragraph 3. The allegations in sentence 2 constitute legal conclusions to which no response is required. To the extent a response may be required, Defendants deny these allegations.

4. The allegations in paragraph 4 constitute legal conclusions to which no response is required. To the extent a response may be required, Defendants deny these allegations.

5. The allegations in paragraph 5 constitute legal conclusions to which no response is required. To the extent a response may be required, Defendants deny these allegations.

6. The allegations in paragraph 6 constitute Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent a response may be required, Defendants deny these allegations.

7. The allegations in sentences 1–4 and 6 of paragraph 7 constitute legal conclusions to which no response in required. To the extent a response may be required, Defendants deny these allegations. Defendants admit the allegations in sentence 5.

8. The allegations in sentences 1 and 5 of paragraph 8 constitute legal conclusions to which no response is required. Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in sentences 2–3. Defendants admit the allegations in sentence 4.

9-12. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraphs 9–12.

13. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 13. The allegations in sentences 4-6 also constitute legal conclusions to which no response is required. To the extent a response may be required, Defendants deny these allegations.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 14.

15. Defendants admit the allegations in paragraph 15.

16. Defendants admit the allegations in sentence 1 of paragraph 16. Defendants admit only the allegation in the first clause of sentence 2 that BLM approved the Arizona 1 Mine. The remaining allegations in sentence 2 constitute legal conclusions to which no response is required. To the extent a response may be required, Defendants deny these allegations.

## **FACTUAL ALLEGATIONS**

17. Defendants admit the allegations in sentence 1 of paragraph 17. Defendants deny the allegations in sentence 2 and aver that the Mine consists of 6 unpatented mining claims encompassing approximately 120 acres. Defendants admit the allegations in sentence 3.

18. Defendants deny the allegations in sentence 1 of paragraph 18 and aver that Energy Fuels Nuclear submitted a Plan of Operations on September 12, 1984. Defendants admit the allegations in sentences 2–3.

19. Defendants admit the allegations in paragraph 19.

20-22. The allegations in paragraphs 20-22 purport to characterize the referenced documents, which speak for themselves and are the best evidence of their content, and, therefore, no response is required.

23. The allegations in sentence 1 of paragraph 23 constitute legal conclusions and purport to characterize an EA that speaks for itself and is the best evidence of its contents, and, therefore, no response is required. To the extent a response may be required, Defendants deny these allegations and aver that BLM continues to monitor the environmental impacts of the Arizona 1 Mine. The remaining allegations in paragraph 23 purport to characterize the referenced document, which speaks for itself and is the best evidence of its content, and,

therefore, no response is required.

24. Defendants deny the allegations in sentence 1 of paragraph 24. Defendants admit the allegations in sentences 2-4. Defendants deny the allegations in all clauses of sentence 5 prior to the allegations in clause number "(3)". Defendants admit the allegations in clause number "(3)" of sentence 5. Defendants deny the allegations in clause number "(4)" of sentence 5. The allegations in clause number "(5)" of sentence 5 constitute legal conclusions to which no response is required. To the extent a response may be required, Defendants deny these allegations and aver that BLM continues to monitor the environmental impacts of the Arizona 1 Mine. Defendants admit the allegations in clause numbers "(6)" and "(7)" of sentence 5.

25. Defendants admit the allegations in sentence 1 of paragraph 25. The allegations in sentences 2-3 purport to characterize the referenced proposed legislation, which speaks for itself and is the best evidence of its content, and, therefore, no response is required.

26-29. The allegations in paragraphs 26–29 purport to characterize the referenced documents, which speak for themselves and are the best evidence of their content, and, therefore, no response is required.

30. The allegations in sentence 1 of paragraph 30 purport to characterize an Air Quality Class II Permit issued by the Arizona Department of Environmental Quality, which speaks for itself and is the best evidence of its content, and, therefore, no response is required. The remaining allegations in paragraph 30 constitute legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

31. The allegations in paragraph 31 purport to characterize the referenced document, which speaks for itself and is the best evidence of its content, and, therefore, no response is required.

32. The allegations in sentence 1 of paragraph 32 purport to characterize the referenced document, which speaks for itself and is the best evidence of its content, and, therefore, no response is required. Defendants admit the allegations in sentence 2.

33. Defendants admit the allegations in sentence 1 of paragraph 33 and deny all remaining allegations in paragraph 33.

34. Defendants admit the allegations in sentences 1-2 of paragraph 34. Defendants admit only the allegations in sentence 3 that there are other Denison-owned uranium mines located on the Arizona Strip and within the Grand Canyon watershed. Defendants deny all other allegations in sentence 3. Defendants admit the allegations in sentences 4-6. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in sentence 7 regarding the Forest Service's intentions. Defendants deny the remaining allegations in sentence 7.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in sentence 1 of paragraph 35. Defendants aver that, according to BLM records, Denison Mines has recently proposed to conduct new uranium mining only of the EZ-1, EZ-2, and WHAT deposits. Defendants deny the allegations in sentence 2 and aver that the referenced locations are "deposits" rather than mines. Defendants further aver that the EZ-1, EZ-2, DB1, and WHAT deposits are located about 13 miles northwest, and the Moonshine Springs deposit is located 30 miles north of the Arizona 1 Mine. Defendants deny the allegations in sentence 3 but aver that BLM has processed uranium exploration notices on lands that are subject to the Segregation Order.

36. Defendants deny the allegations in paragraph 36 that characterize the referenced locations as mines and aver that the referenced locations are deposits. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the paragraph 36 regarding mining methods to be used to mine these deposits.

37. The allegations in sentences 1–3 of paragraph 37 purport to characterize the referenced Environmental Analysis, which speaks for itself and is the best evidence of its contents, and, therefore, no response is required. Defendants deny the remaining allegations in paragraph 37.

38. The allegations in sentences 1–2 of paragraph 38 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Sentence 3 purports to characterize the referenced Segregation Order and Environmental Impact Statement, which speak for themselves and are the best evidence of their

contents, and, therefore, no response is required.

## STATUTORY AND REGULATORY BACKGROUND

39-55.  The allegations in paragraphs 39–55 purport to characterize the referenced federal statutes and regulations, which speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

## CLAIMS FOR RELIEF

### First Claim

56.  The allegations in paragraph 56 purport to characterize Plaintiffs' complaint and require no response.  Defendants incorporate herein their answers to the allegations made in all preceding paragraphs.

57.  The allegations in sentences 1-2 of paragraph 57 purport to characterize the referenced regulations, which speak for themselves and are the best evidence of their content, and, therefore, no response is required.  Defendants deny the allegations in sentences 3-4.

58.  The allegations in sentence 1 of paragraph 58 constitute conclusions of law to which no response is required.  To the extent a response may be required, Defendants deny these allegations.  Defendants admit the allegations in sentence 2.

59-60.  Defendants deny the allegations in paragraphs 59-60.

61.  The allegations in paragraph 61 constitute conclusions of law to which no response in required.  To the extent a response may be required, Defendants deny these allegations.

### Second Claim

62.  The allegations in paragraph 62 purport to characterize Plaintiffs' complaint and require no response.  Defendants incorporate herein their answers to the allegations made in all preceding paragraphs.

63.  The allegations in paragraph 63 purport to characterize a federal regulation that speaks for itself and is the best evidence of its content, and, therefore, no response is required.

64.  The allegations in sentence 1 of paragraph 64 purport to characterize the referenced Environmental Analysis, which speaks for itself and is the best evidence of its content, and, therefore, no response is required.  The allegations in sentence 2 constitute legal conclusions to

which no response is required. To the extent a response is required Defendants deny these allegations and aver that BLM continues to monitor the environmental impacts of the Arizona 1 Mine. The allegations in sentences 3-5 constitute Plaintiffs' characterization of their case and legal conclusions to which no response in required. To the extent a response may be required, Defendants deny these allegations and aver that BLM continues to monitor the environmental impacts of the Arizona 1 Mine. Defendants further aver that condors were not reintroduced in the Grand Canyon National Park and that the changes in ownership of mining claims and the Segregation Order do not bear on the environmental impacts of the Mine. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the sentence 6. To the extent a response may be required, Defendants deny the allegations. Defendants deny the allegations in sentence 7.

65. The allegations in sentences 1 and 3-4 of paragraph 65 constitute legal conclusions to which no response in required. To the extent a response may be required, Defendants deny these allegations. Defendants admit the allegations in sentence 2.

66-67. The allegations in paragraphs 66–67 constitute conclusions of law to which no response in required. To the extent a response may be required, Defendants deny these allegations.

**Third Claim**

68. The allegations in paragraph 68 purport to characterize Plaintiffs' complaint and require no response. Defendants incorporate herein their answers to the allegations made in all preceding paragraphs.

69. The allegations in paragraph 69 purport to characterize the referenced statute and regulations, which speak for themselves and are the best evidence of their content, and, therefore, no response is required.

70-71. The allegations in paragraph 70-71 constitute conclusions of law to which no response is required. To the extent a response may be required, Defendants deny these allegations.

**RELIEF REQUESTED**

The allegations set forth in this section are requests for relief to which no responses are required. To the extent a response may be required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

### **GENERAL DENIAL**

Defendants hereby deny each and every allegation in Plaintiffs' Complaint not previously admitted or otherwise responded to in this Answer.

### **AFFIRMATIVE DEFENSES**

In further response to Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief, Defendants allege, state, and aver the following affirmative defenses, which may be expanded as the case proceeds:

(1)   Plaintiffs fail to state a claim upon which relief can be granted;

(2)   Plaintiffs' claims should be dismissed for lack of jurisdiction;

(3)   Plaintiffs' claims are barred by the statute of limitations.

WHEREFORE, Defendants respectfully pray that this Court deny in all respects Plaintiffs' prayers for relief, dismiss the complaint, enter judgment for Defendants, and grant such other relief as may be appropriate.

Respectfully submitted this 8th day of February, 2010.

DENNIS K. BURKE
United States Attorney
District of Arizona

IGNACIA MORENO
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

/s/ Tyler Welti
Tyler Welti (CA Bar No. 257993)
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington D.C. 20044-0663

202-305-0481 (tel) 202-305-0506 (fax)
Tyler.Welti@usdoj.gov

*Attorneys for Federal Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused the foregoing to be served upon counsel of record through the Court's electronic service system (ECF/CM):

Dated: February 8th, 2010

DENNIS K. BURKE
United States Attorney
District of Arizona

IGNACIA MORENO
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

/s/ Tyler Welti
Tyler Welti (CA Bar No. 257993)
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington D.C. 20044-0663
202-305-0481 (tel) 202-305-0506 (fax)
Tyler.Welti@usdoj.gov

*Attorneys for Federal Defendants*