1    Michael K. Kennedy (Bar No. 04224)
     Bradley J. Glass (Bar No. 22463)
2    GALLAGHER & KENNEDY, P.A.
     2575 East Camelback Road
3    Phoenix, Arizona 85016-9225
     Telephone:    (602) 530-8000
4    Facsimile:    (602) 530-8500
     Email:        mkk@gknet.com
5                  brad.glass@gknet.com

6    Attorneys for Defendants-Intervenors
     Denison Arizona Strip, LLC and
7    Denison Mines (USA) Corp.

8
                   IN THE UNITED STATES DISTRICT COURT
9
                     FOR THE DISTRICT OF ARIZONA
10

11   CENTER FOR BIOLOGICAL                    Case No. CV09-8207-PCT-DGC
     DIVERSITY; GRAND CANYON TRUST;
     SIERRA CLUB; and KAIBAB BAND OF
12   PAIUTE INDIANS,

13                        Plaintiffs,

14   v.                                        DEFENDANTS-INTERVENORS
                                               DENISON ARIZONA STRIP, LLC's
15   KEN SALAZAR, Secretary of the Interior,   AND DENISON MINES (USA) CORP.'S
     and U.S. BUREAU OF LAND                   ANSWER TO FIRST AMENDED
16   MANAGEMENT,                               COMPLAINT

17                        Defendants,

18   and

19   DENISON ARIZONA STRIP, LLC and
     DENISON MINES (USA) CORP.,
20
                          Defendants-Intervenors.
21

22

23

24          Defendants-Intervenors Denison Arizona Strip, LLC and Denison Mines (USA) Corp.

25   (collectively "Denison") hereby answer the allegations contained in Plaintiffs Center for

26   Biological Diversity, Grand Canyon Trust, Sierra Club, and Kaibab Band of Paiute Indians

27   (collectively "Plaintiffs") First Amended Complaint for Declaratory and Injunctive Relief dated

28   February 1, 2010 (the "Complaint") (Dkt. No. 17) as follows:

GALLAGHER & KENNEDY, P.A.
2575 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-9225
(602) 530-8000

**INTRODUCTION**

1.      The allegations contained in Paragraph 1 of the Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Denison admits that the Arizona 1 Mine is a uranium mine located north of the Grand Canyon National Park and denies the remainder of the allegations contained in Paragraph 1 of the Complaint.

2.      Denison admits the allegations contained in the first and second sentences of Paragraph 2 of the Complaint.  Denison admits that the Arizona 1 Mine was constructed and operated consistent with the 1988 Plan of Operations, which included a period of non-operation. Denison denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      The allegations contained in Paragraph 3 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison denies the allegations contained in Paragraph 3 of the Complaint.

4.      The allegations contained in Paragraph 4 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison denies the allegations contained in Paragraph 4 of the Complaint.

5.      The allegations contained in Paragraph 5 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison denies the allegations contained in Paragraph 5 of the Complaint.

6.      The allegations contained in Paragraph 6 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison denies the allegations contained in Paragraph 6 of the Complaint.

**JURISDICTION**

7.      The allegations contained in Paragraph 7 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison denies the allegations contained in the first, second, third, fourth, and sixth sentences of Paragraph 7 of the Complaint.  Denison admits that Plaintiffs sent a letter dated September 8, 2009 to the Federal Defendants, which speaks for itself.

. . .

1

## **VENUE**

2       8.     The allegations contained in Paragraph 8 of the Complaint contain legal

3 conclusions and citations to which no response is required.  To the extent that a response is

4 required, Denison admits that venue is proper in this Court and that it has been properly assigned

5 to the Prescott Division.  Denison is without knowledge or information sufficient to form a belief

6 as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint, which are

7 therefore deemed denied.

8       9.     Denison is without knowledge or information sufficient to form a belief as to the

9 truth of the allegations contained in Paragraph 9 of the Complaint, which are therefore deemed

10 denied.

11       10.    Denison is without knowledge or information sufficient to form a belief as to the

12 truth of the allegations contained in Paragraph 10 of the Complaint, which are therefore deemed

13 denied.

14       11.    Denison is without knowledge or information sufficient to form a belief as to the

15 truth of the allegations contained in Paragraph 11 of the Complaint, which are therefore deemed

16 denied.

17       12.    Denison is without knowledge or information sufficient to form a belief as to the

18 truth of the allegations contained in Paragraph 12 of the Complaint, which are therefore deemed

19 denied.

20       13.    Denison is without knowledge or information sufficient to form a belief as to the

21 truth of the allegations contained in Paragraph 13 of the Complaint, which are therefore deemed

22 denied.  However, Denison denies that the Federal Defendants failed to comply with FLPMA,

23 the Mining Law, and/or NEPA.

24       14.    Denison denies the allegations contained in Paragraph 14 of the Complaint.

25       15.    Denison admits the allegations contained in Paragraph 15 of the Complaint.

26       16.    Denison admits the allegations contained in the first sentence of Paragraph 16 of

27 the Complaint.  Denison denies the remaining allegations contained in Paragraph 16 of the

28 Complaint.

**FACTUAL ALLEGATIONS**

17.     Denison admits the allegations contained in the first and third sentences of Paragraph 17 of the Complaint.  Denison admits that it owns ten mining claims encompassing approximately 207 acres at the Arizona 1 Mine.  However, Denison notes that the 1988 Plan of Operations applies to six unpatented mining claims encompassing approximately 120 acres.

18.     Denison admits that EFN submitted the 1984 Plan of Operations for uranium exploration activities to BLM on approximately September 12, 1984 and that BLM approved the 1984 Plan of Operations on October 4, 1984.  Denison admits the remaining allegations contained in Paragraph 18 of the Complaint.

19.     Denison admits that allegations contained in Paragraph 19 of the Complaint.

20.     Denison admits that the 1988 Plan of Operations and EA set forth the mining operations that are authorized at the Arizona 1 Mine.  In response to the remaining allegations contained in Paragraph 20 of the Complaint, Denison asserts that the referenced documents speak for themselves.

21.     In response to the allegations contained in Paragraph 21 of the Complaint, Denison asserts that the referenced announcement and 1988 Plan of Operations speak for themselves.

22.     In response to the allegations contained in Paragraph 22 of the Complaint, Denison asserts that the 1988 Decision Record and 1988 EA speak for themselves.

23.     The allegations contained in Paragraph 23 of the Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Denison denies the allegations contained in Paragraph 23 of the Complaint.

24.     Denison admits that its predecessor-in-interest developed the Arizona 1 Mine pursuant to the 1988 Plan of Operations, that a mining shaft was developed, and that there was a period of non-operation, which fully complied with the 1988 Plan of Operations.  Denison denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Denison admits the first and third sentences of Paragraph 25 of the Complaint.  In response to the second sentence of Paragraph 25 of the Complaint, Denison asserts that the Grand Canyon Watersheds Protection Act of 2008 speaks for itself.

26.     The allegations contained in Paragraph 26 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced citations, statutes, and rules speak for themselves.

27.     The allegations contained in Paragraph 27 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced citations, statutes, and rules speak for themselves.

28.     The allegations contained in Paragraph 28 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced citations, statutes, and rules speak for themselves.

29.     Denison admits that the Arizona Department of Environmental Quality ("ADEQ") issued a Class II air quality permit to Denison Mines (USA) Corp. for operations at the Arizona 1 Mine on approximately August 31, 2009 (the "Air Permit").  The remaining allegations contained in Paragraph 29 of the Complaint relate to the terms of the Air Permit, which speaks for itself.

30.     The allegations contained in Paragraph 30 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the Air Permit speaks for itself and denies the allegations contained in Paragraph 30 of the Complaint.

31.     Denison is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, which are therefore deemed denied.

32.     Denison admits the second sentence of Paragraph 32 of the Complaint.  Denison is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Complaint, which are therefore deemed denied.

33.     Denison admits that it has recommenced operations at the Arizona 1 Mine consistent with the terms of the 1988 Plan of Operations, the Air Permit, and its other permits and authorizations for the Arizona 1 Mine.  Denison denies the remaining allegations contained in Paragraph 33 of the Complaint.

34.     Denison admits the allegations contained in the first and second sentences of Paragraph 34 of the Complaint.  Denison admits that it has interests in several uranium mines on the Arizona Strip and within the Grand Canyon watershed, including the Pinenut, Kanab North, and Canyon Mines, which are generally described in Paragraph 34 of the Complaint.  Denison admits that it intends to explore, develop, and mine its interests in these uranium mines.  Denison is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 34 of the Complaint, which are therefore deemed denied.  Denison denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Denison admits that it has acquired five uranium deposits on the Arizona Strip known as the EZ1, EZ2, DB1, WHAT, and Moonshine Springs and intends to conduct exploration, development, and mining on the deposits.  Further, Denison admits the allegations contained in the second sentence of Paragraph 35 of the Complaint.  Denison is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 35 of the Complaint, which are therefore deemed denied.

36.     Denison denies that the EZ1, EZ2, DB1, WHAT, and Moonshine Springs deposits are mines.  Denison admits the remaining allegations contained in Paragraph 36 of the Complaint.

37.     Denison denies the allegations contained in Paragraph 37 of the Complaint.

38.     Denison denies the allegations contained in Paragraph 38 of the Complaint.

### STATUTORY AND REGULATORY BACKGROUND

**The Federal Land Policy Management Act**

39.     The allegations contained in Paragraph 39 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced statutes speak for themselves.

40.     The allegations contained in Paragraph 40 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced statute speaks for itself.

41.     The allegations contained in Paragraph 41 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced citations, statutes, rules, and regulations speak for themselves.

42.     The allegations contained in Paragraph 42 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced rules and regulations speak for themselves.

**The General Mining Law of 1872**

43.     The allegations contained in Paragraph 43 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced statutes, rules, and regulations speak for themselves.

44.     The allegations contained in Paragraph 44 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced rules and regulations speak for themselves.

45.     The allegations contained in Paragraph 45 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced citations, statutes, rules, and regulations speak for themselves.

46.     The allegations contained in Paragraph 46 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced rules and regulations speak for themselves.

47.     The allegations contained in Paragraph 47 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced rules and regulations speak for themselves.

**The National Environmental Policy Act**

48.     The allegations contained in Paragraph 48 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced statutes speak for themselves.

49.     The allegations contained in Paragraph 49 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced statute speaks for itself.

50.     The allegations contained in Paragraph 50 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced statutes, rules, and regulations speak for themselves.

51.     The allegations contained in Paragraph 51 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced statute speaks for itself.

52.     The allegations contained in Paragraph 52 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced rules and regulations speak for themselves.

53.     The allegations contained in Paragraph 53 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced regulation speaks for itself.

54.     The allegations contained in Paragraph 54 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced rules and regulations speak for themselves.

55.     The allegations contained in Paragraph 55 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced regulation speaks for itself.

. . .

. . .

. . .

8

## CLAIMS FOR RELIEF

**First Claim:** **Defendant BLM Has Violated FLPMA And The Mining Law By Failing To Require And Approve A New Plan Of Operations For The Uranium Exploration And/Or Mining Activities At The Arizona 1 Mine Project.**

56.     Denison incorporates by reference its answers to all preceding paragraphs herein by reference.

57.     The allegations contained in the first and second sentences of Paragraph 57 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced regulations speak for themselves.  Denison denies the remaining allegations contained in Paragraph 57 of the Complaint.

58.      The allegations contained in the first sentence of Paragraph 58 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced statutes speak for themselves.  Denison admits the allegations contained in the second sentence of Paragraph 58 of the Complaint.

59.     Denison denies the allegations contained in Paragraph 59 of the Complaint.

60.     Denison denies the allegations contained in Paragraph 60 of the Complaint.

61.     Denison denies the allegations contained in Paragraph 61 of the Complaint.

**Second Claim:** **In The Alternative, If The Plan of Operations Is Still In Effect, Defendant BLM Has Failed To Prepare A Supplement To The 1988 EA To Consider Significant New Circumstances And Information Relevant To Environmental Concerns Bearing On The Arizona 1 Mine Project And Its Impacts, In Violation Of NEPA.**

62.     Denison incorporates by reference its answers to all preceding paragraphs herein by reference.

63.     The allegations contained in Paragraph 63 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced regulation speaks for itself.

. . .

9

64.     Denison denies the allegations contained in Paragraph 64 of the Complaint.

65.     Denison admits that it is developing and operating the Arizona 1 Mine consistent with the 1988 Plan of Operations and that it obtained the Air Permit and updated its reclamation bond.  The allegations contained in the second and third sentences of Paragraph 65 of the Complaint contain legal conclusions and citations to which no response is required.  Denison denies the remaining allegations contained in Paragraph 65 of the Complaint.

66.     Denison denies the allegations contained in Paragraph 66 of the Complaint.

67.     Denison denies the allegations contained in Paragraph 67 of the Complaint.

**Third Claim:**          **By Failing To Comply With FLPMA And/Or NEPA And These Statutes' Implementing Regulations, BLM Has Failed To Prevent The Unnecessary And/Or Undue Degradation Of Public Lands.**

68.     Denison incorporates by reference its answers to all preceding paragraphs herein by reference.

69.     The allegations contained in Paragraph 69 of the Complaint contain legal conclusions and citations to which no response is required.  To the extent that a response is required, Denison asserts that the referenced statutes and regulations speak for themselves.

70.     Denison denies the allegations contained in Paragraph 70 of the Complaint.

71.     Denison denies the allegations contained in Paragraph 71 of the Complaint.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs have failed to state a claim upon which relief can be granted.

2.     The Court lacks subject matter jurisdiction over Plaintiffs' claims.

3.     Plaintiffs lack standing necessary to maintain this lawsuit.

4.     Plaintiffs' claims are barred by the applicable statute of limitations.

5.     Plaintiffs' claims and requested relief are moot.

6.     Plaintiffs' claims are barred by the doctrines of laches and estoppel.

7.     To the extent not otherwise admitted, Denison denies each and every allegation of fact contained in the Complaint.

. . .

**PRAYER FOR RELIEF**

WHEREFORE, Denison respectfully requests that the Court:

(A)    Enter judgment against Plaintiffs and in favor of Denison and the Federal Defendants;

(B)    Deny all relief requested by Plaintiffs;

(C)    Dismiss this action with prejudice;

(D)    Award Denison its costs for this action, including reasonable attorneys fees, as permitted by law and as determined by the Court to be just and proper under the circumstances; and

(E)    Award Denison such further and other relief as the Court may deem just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 4th day of March, 2010.

GALLAGHER & KENNEDY, P.A.


By /   Bradley J. Glass
       Michael K. Kennedy
       Bradley J. Glass
       2575 East Camelback Road
       Phoenix, Arizona 85016-9225

       Attorneys for Intervenors-Defendants
       Denison Arizona Strip, LLC and
       Denison Mines (USA) Corp.

1

## **CERTIFICATE OF SERVICE**

2

     I hereby certify that on March 4, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

3

Notice of Electronic Filing to the following CM/ECF registrants:

4

Amy R. Atwood, Esq.
Center for Biological Diversity

5

P.O. Box 11374
Portland, OR  97211-0374

6

Tel: 503-283-5474
Fax: 502-283-5528

7

Email: atwood@biologicaldiversity.org

8

9

Neil Levine, Esq.
Grand Canyon Trust

10

2539 Eliot Street
Denver, CO  80211

11

Tel: 303-455-0604
Fax: 303-484-8470

12

Email: nlevine@grandcanyontrust.org

13

14

Roger Flynn
Western Mining Action Project
P.O. Box 349

15

440 main St., #2
Lyons, CO  80540

16

Tel: 303-823-5738
Fax: 303-823-5732

17

Email: wmap@igc.org

18

Attorneys for Plaintiffs

19

Rickey Turner
U.S. Dept. of Justice

20

ENRD
601 D St. NW

21

Washington, DC 20004

22

Tel: 202-305-0229
Fax: 202-305-0275

23

Email: rickey.turner@usdoj.gov

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Tyler Welti
U.S. Dept. of Justice
ENRD
P.O. Box 663
Washington, DC  20044
Tele: 202-305-0481
Fax: 202-305-0274
Email: Tyler.Welti@usdoj.gov

Attorneys for Defendants,
Ken Salazar, Secretary of the Interior,
and
U.S. Bureau of Land Management


/s/ Joanne K. Powell



2384673v1/21569-0002