**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity; Grand Canyon Trust; Sierra Club; and Kaibab Band of Paiute Indians,<br><br>Plaintiffs,<br><br>vs.<br><br>Ken Salazar, Secretary of the Interior; and U.S. Bureau of Land Management,<br><br>Defendants. | No. CV-09-8207-PCT-DGC<br><br>**ORDER** |

Arizona 1 Mine is a uranium mine located near Grand Canyon National Park. Plaintiffs seek a declaration that Defendants have violated environmental laws in connection with Arizona 1 Mine, and request an injunction directing mine operations to cease. Dkt. #17.

Denison Arizona Strip, LLC and Denison Mines (USA) Corp. (collectively, "Denison") own unpatented claims at Arizona 1 Mine and conduct operations pursuant to a plan issued by Defendant BLM. Denison has filed a motion to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure. Dkt. #19. The motion is fully briefed. Dkt. ##20, 24, 27, 30. No party has requested oral argument. For reasons that follow, the Court will grant the motion.

This Circuit has established a four-part test for intervention under Rule 24(a). This test requires a proposed intervenor (1) to have a significantly protectable interest in the property or transaction that is the subject of the action, (2) to be situated so that the disposition of the action may impair that party's ability to protect that interest, (3) to

demonstrate that its interests are not adequately represented by other parties, and (4) to move to intervene in a timely manner. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). In determining whether intervention is appropriate, the Court is "guided primarily by practical and equitable considerations," not technical distinctions. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). The Court must "interpret the requirements broadly in favor of intervention." *Donnelly*, 159 F.3d at 409; *see Berg*, 268 F.3d at 818 ("[W]e construe Rule 24(a) liberally in favor of potential intervenors."); *Wash. State Bldg. & Const. Trades Council v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982) ("Rule 24 traditionally has received a liberal construction in favor of applicants for intervention.").

In a similar action brought by Plaintiffs, *Center for Biological Diversity v. Salazar*, No. CV-08-8117-PCT-NVW, Judge Wake permitted certain mining companies to intervene as a matter of right pursuant to Rule 24(a) (*see id.*, Dkt. #44). Denison urges the Court to follow Judge Wake's order and allow intervention in this case. Dkt. #27 at 6.

In both this action and the one before Judge Wake, Plaintiffs assert violations of the Federal Land Policy Management Act and the National Environmental Policy Act. *See* Dkt. #17, No. CV-09-8207; Dkt. #1, No. CV-08-8117. The arguments made in opposition to intervention are similar. *See* Dkt. #24, No. CV-09-8207; Dkt. #37, No. CV-08-8117. The Court finds Judge Wake's order granting intervention to be well-reasoned and applicable to the intervention issues raised in this case. The Court will follow Judge Wake's order and grant Denison's motion to intervene pursuant to Rule 24(a).

Plaintiffs assert that, to the extent intervention is permitted, Denison either should be limited to the remedy phase of the case or should be required to join in Defendants' briefing on the merits. Dkt. #24 at 2. The role of Denison will be determined at the Case Management Conference set for April 9, 2010 (*see* Dkt. #26).

**IT IS ORDERED:**

1. Denison Arizona Strip, LLC and Denison Mines (USA) Corp.'s motion to intervene as defendants (Dkt. #19) is **granted**.

2. The Clerk is directed to file the lodged proposed answer (Dkt. #28).

DATED this 24th day of March, 2010.

_____
David G. Campbell
United States District Judge