# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity; Grand Canyon Trust; Sierra Club; and Kaibab Band of Paiute Indians,<br><br>Plaintiffs,<br><br>vs.<br><br>Ken Salazar, Secretary of the Interior; and U.S. Bureau of Land Management,<br><br>Defendants. | No. CV-09-8207-PCT-DGC<br><br>**ORDER** |

On April 9, 2010, the Court held a Case Management Conference. The parties met before the conference in accordance with Rule 26(f) and prepared a joint case management report. On the basis of the Case Management Conference and the joint report,

**IT IS HEREBY ORDERED:**

1. <u>Briefing on Motion for Preliminary Injunction</u>.

    A. Defendants shall file responses to the motion for preliminary injunction on or before **May 6, 2010**. Defendants' responses may be up to 45 pages in length, but Defendants shall coordinate their efforts so as not to duplicate any briefing.

    B. Plaintiffs' reply in support of the motion for preliminary injunction shall be filed on or before **May 27, 2010**. Plaintiffs' memorandum shall be limited to 30 pages.

    C. A hearing on Plaintiffs' motion will be held on **June 11, 2010, at 2:00 p.m.**

1    2.    <u>Administrative Record and Discovery Issues</u>.

2    A.    Federal Defendants shall produce the administrative record on or before **May 28, 2010**.

B.    Before **July 2, 2010**, the parties shall confer concerning (a) the sufficiency of the administrative record, (b) the need, if any, for discovery in this case, (c) if Plaintiffs believe discovery is necessary, their specific proposed discovery and a schedule for the discovery, and (d) a schedule for summary judgment briefing.

C.    If the parties are able to reach agreement on these matters, they shall file a joint memorandum on **July 2, 2010**, setting forth their agreement.

D.    If the parties are not able to reach agreement, they shall file ten page memoranda on **July 2, 2010**, setting forth their respective positions on (a) any required supplementation of the administrative record, (b) whether discovery is appropriate in this case,[1] (c) if discovery is proposed, the precise nature and proposed schedule for the discovery, and (d) a schedule for summary judgment briefing.

3.    <u>Second Case Management Conference</u>.

On **July 9, 2010 at 2:00 p.m.**, the Court will hold a second case management conference. The purpose of the conference will be to address (a) whether additional supplementation of the administrative record is required and, if so, when; (b) whether discovery is appropriate in this case and, if so, the nature and schedule for the discovery; and (c) a schedule for summary judgment briefing. The Court will also address the role the Denison Defendants will play in summary judgment briefing.

---

[1] As the Court mentioned during the hearing on April 9, 2010, the parties should consider whether any discovery will be necessary in connection with the remedy phase of this case. If the parties conclude that significant discovery may be needed, they may propose that such discovery occur after the Court's liability determination. If minimal discovery will be required, they shall consider whether such discovery can be completed before summary judgment briefing so as to enable the parties to address both liability and remedies in the summary judgment briefing.

DATED this 12th day of April, 2010.

_____
David G. Campbell
United States District Judge