Amy R. Atwood, *pro hac vice*
Center for Biological Diversity
P.O. Box 11374
Portland, Oregon 97211-0374
Tel: 503-283-5474
atwood@biologicaldiversity.org

Neil Levine, *pro hac vice*
Grand Canyon Trust
2539 Eliot Street
Denver, Colorado 80211
Tel: 303-455-0604
nlevine@grandcanyontrust.org

Roger Flynn, *pro hac vice*
Western Mining Action Project
P.O. Box 349
440 Main St., #2
Lyons, CO 80540
Tel: 303-823-5738
wmap@igc.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, *et al.*, | Case No. 3:09-cv-08207-DGC |
| Plaintiffs, | PLAINTIFFS' COMBINED MOTION TO FILE RECORDS UNDER SEAL AND FOR A CONFIDENTIALITY ORDER AND MEMORANDUM IN SUPPORT |
| vs. | |
| Salazar, *et al.*, | |
| Defendants, | |
| and | |
| Denison Arizona Strip, LLC, *et al.*, | |
| Intervenor-Defendants. | |

Pursuant to Fed. R. Civ. P. 5.2(d) and LRCiv 5.6(b), Plaintiffs Center for

Biological Diversity, Grand Canyon Trust, Sierra Club, the Kaibab Band of Paiute

Indians of the Kaibab Paiute Reservation ("Kaibab Paiute Tribe"), and the Havasupai Tribe move for an order granting permission to file under seal and in their entirety two declarations in support of their Motion For An Injunction Pending Appeal, a third declaration with redacted portions filed under seal, and a redacted version of a confidentiality agreement ("Confidentiality Agreement"), in order to protect the confidentiality of locations of sensitive archaeological resources on public lands that are located on the Arizona Strip.

Two of the declarations describe impacts to archaeological resources and sites that are located within the aboriginal territory of Plaintiff Kaibab Paiute Tribe.  These impacts are ongoing.  As discussed below, to describe these impacts yet avoid revealing the locations of the affected sites and resources to the general public or provide information that would lead to their discovery, Plaintiffs seek to file these declarations and attachments under seal in their entirety, and herein refer to these declarants as "John Doe" and "Jane Doe."  Plaintiffs also seek to file under seal redacted portions of a third declaration from LeAnn Skrzynski, the Kaibab Paiute Tribe's Environmental Program Director, who also discusses these impacts.[1]

Additionally, Plaintiffs respectfully request an order directing the Federal Defendants to execute a Confidentiality Agreement, to ensure that information that could reveal the locations of the affected archaeological sites and resources is not made public.  The Confidentiality Agreement would require Federal Defendants to identify specific agency personnel who will review the three declarations in their entirety.  Because the Confidentiality Agreement reveals the identities of John Doe and Jane Doe, in support of this motion Plaintiffs also seek to file portions of the Confidentiality Agreement under seal, with John Doe's identity redacted, to further ensure strict confidentiality.

---

[1] These declarations further support Plaintiffs' showing of irreparable harm from Arizona 1 mining operations.  Plaintiffs have only become aware of these impacts since they filed their Motion for Preliminary Injunction.

There are compelling reasons and specific facts that support the sealing of these records or portions thereof. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 672, 677-678 (9th Cir. 2010) (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (the sealing of judicial records is permissible if a party shows "compelling reasons supported by specific factual findings" that "outweigh the general history of access and the public policies favoring disclosure") (internal quotation marks and citations omitted).

The declarations of John Doe and Jane Doe describe the locations of Native American archaeological sites and resources. The declarations contain the identities of the declarant, the reasons for his visit to the Arizona Strip, what he witnessed, and the vantage points and landmarks that appear in photographs that he took. The Skrzynski Declaration discusses these elements as well. Skrzynski Dec. ¶¶ 3, 4. As discussed in the declarations, each of these elements could reveal the locations of the sites, particularly in combination with additional information that is publicly available or easily obtainable. John Doe Dec. ¶ 12; Jane Doe Dec. ¶ 8; Skrzynski Dec. ¶ 7. Public disclosure of the locations of these sites and resources would put them at significant risk of vandalism and theft.

The theft of sacred artifacts from the Tribe's aboriginal territory would mean that the Tribe will likely never recover them, and the information that they would reveal about the Tribe's cultural history would be lost forever. As the Federal Defendant, Bureau of Land Management ("BLM"), has noted, the "[t]heft and vandalism of cultural resources not only leads to the loss of cultural artifacts, but also destroys valuable scientific information that could be helpful in analyzing the culture of the people who lived at the site." HELP BLM PROTECT CULTURAL RESOURCES ON PUBLIC LANDS (http://www.blm.gov/co/st/en/BLM_Programs/law_enforcement_-/cultural_resources.html) (last visited July 11, 2010) (Exh. 1); Press Release, BLM, Arrests Made in Operation Targeting Network Selling Stolen Native American Artifacts (June 10, 2009) (Exh. 2) ("Those who remove or damage artifacts on public or tribal lands take something from all of us. These treasures are the heritage of all Americans, and in

many cases, the objects are sacred to Native Americans.") (quoting U.S. Attorney Brett

L. Tolman).  As BLM has also explained:

> The cultural resources on western public lands represent almost all major periods and events in the broad sweep of human occupation in the West.  They tell the story of all kinds of people, representing nearly every cultural tradition and ethnicity present in American society.

BLM, Law Enforcement Year-End Review (2009) at 2 (excerpts attached as Exh. 3).

Indeed, as Congress recognized when it enacted the Archaeological Resources

Protection Act, 16 U.S.C. § 470aa, *et seq*. ("ARPA"), "archaeological resources on

public lands and Indian lands are an accessible and irreplaceable part of the Nation's

heritage" but "are increasingly endangered because of their commercial

attractiveness[.]"  16 U.S.C. § 470aa.  To protect these resources, ARPA requires

federal land managers to "maintain strict confidentiality of information concerning the

nature and location of any [protected] archaeological resource … ."  *Id*. §§ 470bb,

470cc, 470ee, 470hh(a); *see also* 25 C.F.R. § 700.837 ("The Federal Land Manager

shall not make available to the public under [the Freedom of Information Act] or any

other provisions of law, information concerning the nature and location of any

archaeological resource … .").  Similarly, the National Historic Preservation Act

requires certain heads of federal agencies and other public officials to "withhold from

disclosure to the public, information about the location … of a historic resource if the

Secretary and the agency determine that disclosure" may "risk harm to the historic

resources" or "impede the use of a traditional religious site by practitioners."  16 U.S.C.

§ 470w-3(a).

Nevertheless, the trafficking of archaeological resources excavated and stolen

from public and tribal lands in the Four Corners area remains an epidemic.  BLM notes

that "pothunters and other archaeological looters are digging through ancient Indian

pueblos, graves of Native Americans, and historic sites" on the nation's public lands,

"and then stealing artifacts for private collections or for sale."  Exh. 1.  It has been

reported that there are about 840 looting cases reported annually, about two per day,

across federal public lands.  Mike Stark, *Prison Time, Felony Chargers Rare for Relic*

*Looters*, Associated Press, October 11, 2009.  Two dozen members of an underground network were indicted last year for illegally excavating and trafficking in artifacts taken from BLM and tribal lands in the Four Corners area.  Mike Stark, *24 Indicted in Four Corners Artifact Theft Probe*, Associated Press, June 11, 2009.  The Associated Press quoted an expert as stating that the Four Corners area is a "treasure trove of archaeological artifacts" and a "regular draw for thieves and looters[.]"  *Id.*  The expert also noted that there are "thousands of archaeological sites" in the Four Corners area, the overwhelming majority of which have already been looted.  *Id.*

For these reasons, pursuant to Fed. R. Civ. P. 5.2(d) and Local Rule 5.6(b), Plaintiffs seek an order allowing them to file the Declaration of John Doe with attachments, and the Declaration of Jane Doe, under seal in its entirety, and to file redacted portions of the Skrzynski Declaration and Confidentiality Agreement under seal.  The declarations, attachments, and Confidentiality Agreement contain information that would allow a motivated member of the public to determine the locations of the sites.  Confidentiality of these records in their entirety is, therefore, necessary in order to ensure that these sites and resources are not vandalized or looted.  Accordingly, Plaintiffs have established compelling reasons and factual findings to support entry of an order sealing these records from public view.  LRCiv 5.6(b); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d at 677-678.

Moreover, to ensure that the Defendants may address Plaintiffs' assertions of irreparable harm without leaving the resources themselves vulnerable to illegal excavation and looting, Plaintiffs also respectfully request the Court to order the parties to maintain strict confidentiality of these records pursuant to the terms of the Confidentiality Agreement, which will permit the Defendants' counsel to review and share the declarations with a few, specific individuals who will be bound by the Confidentiality Agreement.  By ensuring that information revealing the locations of these sites and resources is limited to only those agency personnel, or individuals affiliated with Denison Arizona Strip, LLC and Denison Mines (USA) Corporation or its contractors, who must be made privy to them in order to respond to Plaintiffs'

irreparable harm allegations, the potential for theft of these archaeological resources will be minimized.  *See*, *e.g.*, *Adkins v. Christie*, 488 F.3d 1324, 1329 (11th Cir. 2007) (noting the district courts' authority to protect confidential information through means such as protective confidentiality agreements).  Plaintiffs are filing a Proposed Order which would require all parties to complete and execute the Confidentiality Agreement, and in so doing identify only those individuals who must receive this information in order to address and respond to the impacts and Plaintiffs' harms.

Plaintiffs have conferred with counsel for Federal Defendants and Defendant-Intervenors regarding this matter.  Federal Defendants did not provide a position by the time of the filing of this motion. Defendant-Intervenors' state that they do not oppose this motion, but seek to have the parties to agree to an alternate version of a confidentiality order.

Respectfully submitted,

Dated: July 14, 2010                    */s/ Amy Atwood*
                                        Amy Atwood
                                        Neil Levine
                                        Roger Flynn

                                        Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2010, I electronically transmitted PLAINTIFFS'

COMBINED MOTION TO FILE RECORDS UNDER SEAL AND FOR A

CONFIDENTIALITY ORDER AND MEMORANDUM IN SUPPORT, and Exhibits 1-

3; and electronically lodged under seal, in whole or in part, the Declaration of John Doe

with attachments, Declaration of Jane Doe, Declaration of LeAnn Skrzynski, and

Proposed Confidentiality Order; to the Clerk's Office using the CM/ECF System for

filing and transmittal of a Notice of Electronic Filing to the following CM/ECF

registrants.  In addition, Plaintiffs mailed hard copies of the documents proposed to be

filed under seal, via priority, certified mail to the counsel for Federal Defendants and

Defendant-Intervenors listed below:

Amy R. Atwood
Center for Biological Diversity
P.O. Box 11374
Portland, OR  97211-0374
Tel: 503-283-5474
Fax: 503-283-5528
Email:  atwood@biologicaldiversity.org

Neil Levine, Esq.
Grand Canyon Trust
2539 Eliot Street
Denver, CO  80211
Tel: 303-455-0604
Fax: 303-484-8470
Email: nlevine@grandcanyontrust.org

Roger Flynn
Western Mining Action Project
P.O. Box 349
440 Main St., #2
Lyons, CO  80540
Tel: 303-823-5738
Fax: 303-823-5732
Email: wmap@igc.org

Michael D. Thorp
US Dept of Justice
ENRD
601 D St., Room 3112
Washington, DC 20004
Tel: 202-305-0456
Fax: 202-305-0267
Email: michael.thorp@usdoj.gov

Tyler Welti
Trial Attorney
U.S. Dept. of Justice
ENRD
P.O. Box 663
Washington, DC  20044
Tel: 202-305-0481
Fax: 202-305-0274
Email: Tyler.Welti@usdoj.gov

Bradley J. Glass
Gallagher & Kennedy, P.A.
2575 E. Camelback Road
Suite 1100
Phoenix, Arizona 85016
Phone: 602-530-8034
Fax: 602-530-8500
E-mail: brad.glass@gknet.com

*/s/ Amy Atwood*
Amy Atwood