**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity; Grand Canyon Trust; Sierra Club; Kaibab Band of Paiute Indians of the Kaibab Indian Reservation; and the Havasupai Tribe,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Ken Salazar, Secretary of the Interior; United States Bureau of Land Management; Denison Arizona Strip, LLC; and Denison Mines (USA) Corp.,<br><br>　　　　　Defendants. | No. CV-09-8207-PCT-DGC<br><br>**ORDER** |

Plaintiffs sought a preliminary injunction on claims one and two of their second amended complaint. Docs. 36, 37. Following full briefing and a hearing, the Court entered an order denying the request for injunctive relief on June 17, 2010. Doc. 71. The Court concluded that Plaintiffs had not shown a likelihood of success on the merits. *Id*. Plaintiffs have appealed that decision (Doc. 77), and now ask the Court to issue an injunction pending appeal on the ground that they are being irreparably harmed by operations at the Arizona 1 mine (Doc. 80). The motion is fully briefed. Docs. 94, 97, 99. No party has requested oral argument. For reasons stated below, the Court will deny Plaintiffs' request.

Rule 62(c) provides that while an appeal is pending from an interlocutory order denying a preliminary injunction, the district court "may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's right." Fed.

R. Civ. P. 62(c). An injunction pending appeal "is an extraordinary remedy that should be granted sparingly." *Ariz. Contractors Ass'n, Inc. v. Candelaria*, No. CV07-02496-PHX-NVW, 2008 WL 486002, at *1 (D. Ariz. Feb. 19, 2008) (citations omitted). A party seeking relief under Rule 62(c) must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that relief will not substantially injure the other parties, and that relief is in the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Nken v. Holder*, --- U.S. ---, 129 S. Ct. 1749, 1761 (2009). The first two factors – likelihood of success on the merits and irreparable injury – are the most critical and must be satisfied before the other two factors are considered. *See Nken*, 129 S. Ct. at 1761-62.

With respect to the "success on the merits" factor, Plaintiffs essentially reassert the arguments made in their preliminary injunction briefing. Doc. 80 at 2, 6-18; *see* Docs. 37 at 16-41, 66 at 8-41. The Court finds no basis to deviate from its prior conclusion that Plaintiffs have not shown they are likely to succeed on the merits of claims one and two. Accordingly, for the reasons set forth in the order of June 17, 2010 (Doc. 71 at 3-13), the Court declines to enter an injunction pending appeal. *See Roberts v. Hartley*, No. 1:08-cv-01093-AWI-JMD-HC, 2010 WL 1441498, at *2 (E.D. Cal. Apr. 9, 2010) (denying injunction pending appeal where the movant essentially reiterated arguments previously rejected).[1]

In seeking a preliminary injunction (Doc. 37 at 14), Plaintiffs applied the four-factor test set forth in *Winter v. Natural Resources Defense Council*, --- U.S. ----, 129 S. Ct. 365 (2008): a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

---

[1] Ninth Circuit law, including a recent opinion, suggests that district courts lack jurisdiction to enter an injunction pending appeal unless the injunction would merely preserve the status quo. *See, e.g., Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200*, --- F.3d ----, Nos. 08-56668, 08-56942, 2010 WL 2681330, at *10 (9th Cir. July 8, 2010); *Natural Res. Def. Council v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). The parties have not raised this issue, nor have they addressed whether the injunction pending appeal sought by Plaintiffs would do more than preserve the status quo. Because application of this Ninth Circuit case law and its interaction with Rule 62(c) is not entirely clear, and because Plaintiffs seek an expedited ruling that would be inconsistent with additional briefing on this issue, the Court does not address the issue in this order.

1. in his favor, and that an injunction is in the public interest." *Winter*, 129 S. Ct. at 374. The Court applied the same standard in its order of June 17, 2010. Doc. 71 at 3 (citing *Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009)). Recently, in *Alliance for the Wild Rockies v. Cottrell*, --- F.3d ---, 2010 WL 2926463 (9th Cir. July 28, 2010), the Ninth Circuit clarified that "the 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*." *Id.* at *7. Plaintiffs, however, did not ask the Court to apply the "serious questions" test in their preliminary injunction briefing, a point correctly noted by Defendants in response to Plaintiffs' motion for an injunction pending appeal. Doc. 97 at 2 n.2; *see also* Doc. 94 at 3 n.1. Plaintiffs do not disagree with this assertion, confirming in their reply that "the standard was never applied." Doc. 99 at 4. Plaintiffs have not sought reconsideration of the Court's preliminary injunction ruling based on the "serious questions" standard after *Alliance for the Wild Rockies*, nor do they argue that the standard should be applied in deciding whether to enter an injunction pending appeal. Plaintiffs arguments are confined to showing that they are likely to succeed on the merits. Because Plaintiffs have never asked the Court to apply the "serious questions" standard, the Court will not address it in this order.

The Court continues to conclude that Plaintiffs have not shown a probability of success on the merits. The injunction pending appeal will therefore be denied, and the Court need not address the remaining requirements for such an injunction. *See Nken*, 129 S.Ct. at 1761-62. Specifically, the Court need not address the irreparable harm element for which Plaintiffs have submitted additional evidence. Docs. 81, 83, 84, 85.

**IT IS ORDERED:**

1. Plaintiffs' motion for an injunction pending appeal (Doc. 80) is **denied**.
2. Plaintiffs' unopposed motion to file records under seal (Doc. 81) is **granted**.

1  3. The Clerk is directed to **file under seal** the lodged declarations (Docs. 83, 84,
2     85).
3  DATED this 11th day of August, 2010.

_____
David G. Campbell
United States District Judge