IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; GRAND CANYON TRUST; SIERRA CLUB; KAIBAB BAND OF PAIUTE INDIANS; and HAVASUPAI TRIBE,<br><br>Plaintiffs,<br><br>v.<br><br>KEN SALAZAR, Secretary of the Interior, and U.S. BUREAU OF LAND MANAGEMENT,<br><br>Defendants,<br><br>and<br><br>DENISON ARIZONA STRIP, LLC and DENISON MINES (USA) CORP.,<br><br>Defendants-Intervenors. | Case No. 3:09-cv-8207-DGC<br><br>[PROPOSED] PROTECTIVE ORDER |

The parties have stipulated by means of a Joint Motion to the entry of the following Protective Order, which the Court hereby approves in order to protect information regarding the existence, location, or nature of sensitive archeological and other cultural resources (hereinafter "cultural resources"). This Protective Order is intended to protect information contained in any documents previously or subsequently filed under seal in this litigation, including any appeals or remands, regarding the existence, location, or nature of cultural resources.

1.  For the purposes of this Protective Order, the term "Confidential Information" means any and all information regarding the location or nature of cultural resources.

2.  Federal Defendants shall handle the Confidential Information in accordance with applicable laws and regulations, including but not limited to the National Historic Preservation Act of 1966, 16 U.S.C. § 470w-3; the Archaeological Resources Protection

Act of 1979, 16 U.S.C. § 470hh(a); 43 C.F.R. § 7.18; and Exemption 3 of the Freedom of Information Act, 5 U.S.C. § 552(b)(3).  Nothing contained in this Protective Order shall be construed to limit the authority of the United States to undertake any action pursuant to applicable law or regulation.

 3. Plaintiffs and Defendant-Interveners shall handle the Confidential Information in accordance with this Protective Order, including but not limited to the following terms:

 a. Except as set forth herein and subject to applicable law, Plaintiffs and Defendant-Interveners shall not use the Confidential Information for any other purpose other than this litigation, including any appeals or subsequent remands, and to facilitate compliance with applicable law.

 b. Except as set forth herein and subject to applicable law, Plaintiffs and Defendant-Interveners shall not publicly disclose Confidential Information in whole or in part.

 c. Except as set forth herein and subject to applicable law, Plaintiffs and Defendant-Interveners may disclose Confidential Information only to the Court and its employees, the parties to this litigation and their employees, the attorneys of record for the parties, persons in the employ of such attorneys, and experts, witnesses, advisors, independent contractors, and consultants retained by or otherwise working on behalf of the parties having a need for the information in the performance of their duties.  Except for the Court and its employees, and the employees of the Department of the Interior and the Department of Justice, all individuals having access to the Confidential Information and all individuals to whom the Confidential Information is disclosed shall be required to sign a copy of the form attached hereto as Exhibit A indicating that they have

       read and agree to abide by the terms of this Protective Order.  Signed acknowledgment forms shall be retained by counsel for Federal Defendants and shall be available upon request to counsel for Federal Defendants to attorneys of record and the Court.

   d. Except for the Court and its employees, and the employees of the Department of the Interior and the Department of Justice, all individuals having access to the Confidential Information and all individuals to whom the Confidential Information is disclosed shall sign a copy of the form attached hereto as Exhibit B to certify the return or destruction of any and all documents containing Confidential Information, including copies or reproductions of such documents, in their possession within thirty days of the termination of this litigation, including all applicable appeals or remands.  The obligation to return or destroy shall occur prior to the termination of this litigation when an individual or entity is no longer a party or when an attorney, expert, or other consultant is no longer retained to work on this case, whichever comes earlier.

  4. All Parties shall file records containing Confidential Information with the Court as follows:  No pleading containing Confidential Information shall be publicly filed with the Court.  Any discussion, argument, or information related to the Confidential Information that would otherwise have been part of a publicly filed pleading shall be filed in a separate pleading under seal with the Clerk of the Court pursuant to Local Rule 5.6. Publicly-filed pleadings that would otherwise have included discussion, argument, or information related to the Confidential Information shall direct the parties and the Court to any related filings made under seal that should be considered in conjunction therewith.

5. The inadvertent or unintended disclosure of Confidential Information shall not be deemed a waiver in whole or in part of the claim of confidentiality for the Confidential Information.

6. This Protective Order in no way affects or relieves any Party of its responsibility to comply with any federal, state, or local law or regulation.  Nothing in this Protective Order alters the rights and/or liabilities of the Parties with respect to the litigation.

7. This Protective Order does not constitute a ruling on the question of whether any particular record is admissible and does not constitute any ruling on any potential objection to the admissibility of any record, other than objections based on the National Historic Preservation Act, 16 U.S.C. § 470w-3, Archaeological Resources Protection Act, 16 U.S.C. § 470hh(a), or 43 C.F.R. § 7.18.

8. Nothing in this Protective Order shall prohibit the Parties from seeking from the Court modification of this Protective Order upon proper notice and opportunity to be heard on such proposed modification, or shall preclude the parties from entering into other written agreements designed to protect Confidential Information.  Nothing in this Protective Order shall deprive the Court of its jurisdiction or right to alter, amend, add to, or revoke this Protective Order at any time.

9. This Protective Order shall survive the termination of this case and is binding for all time without further order of the Court.

Dated this ___ day of September, 2010.

_____
David G. Campbell
United States District Judge

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; GRAND CANYON TRUST; SIERRA CLUB; KAIBAB BAND OF PAIUTE INDIANS; and HAVASUPAI TRIBE, | Case No. 3:09-cv-8207-DGC |
| Plaintiffs, | DECLARATION |
| v. | |
| KEN SALAZAR, Secretary of the Interior, and U.S. BUREAU OF LAND MANAGEMENT, | |
| Defendants, | |
| and | |
| DENISON ARIZONA STRIP, LLC and DENISON MINES (USA) CORP., | |
| Defendants-Intervenors. | |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above captioned matter, and agrees to follow the terms of the Court's Protective Order.

Date: _____          Signature:_____

5

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; GRAND CANYON TRUST; SIERRA CLUB; KAIBAB BAND OF PAIUTE INDIANS; and HAVASUPAI TRIBE, <br><br> Plaintiffs, <br><br> v. <br><br> KEN SALAZAR, Secretary of the Interior, and U.S. BUREAU OF LAND MANAGEMENT, <br><br> Defendants, <br><br> and <br><br> DENISON ARIZONA STRIP, LLC and DENISON MINES (USA) CORP., <br><br> Defendants-Intervenors. | Case No. 3:09-cv-8207-DGC <br><br><br> DECLARATION |

Pursuant to the Protective Order in the above-captioned matter, I hereby certify that all documents containing Confidential Information, including copies or reproductions of such documents, in whole or in part, which are in my possession have been destroyed or returned to the person that provided them to me.


Date: _____     Signature:_____