**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity; Grand Canyon Trust; Sierra Club; Kaibab Band of Paiute Indians of the Kaibab Indian Reservation; and the Havasupai Tribe,<br><br>Plaintiffs,<br><br>vs.<br><br>Ken Salazar, Secretary of the Interior; United States Bureau of Land Management; Denison Arizona Strip, LLC; and Denison Mines (USA) Corp.,<br><br>Defendants. | No. CV-09-8207-PCT-DGC<br><br>**ORDER** |

On May 27, 2011, the Court issued an order granting summary judgment in favor of Defendants on claims one, two, three, and five of the third amended complaint. Doc. 163. With respect to claim four, the case was remanded to BLM for further consideration, and BLM was given until June 24, 2011 to revise its decision to apply a categorical exclusion to the free use permit. *Id.* at 26. BLM has submitted its revised decision. Doc. 165. A briefing schedule is in place for the parties to address the merits of claim four in light of the revised decision and any remedies the Court should impose if it grants summary judgment in favor of Plaintiffs. *Id.* at 27.

Plaintiffs have filed a motion for reconsideration of the summary judgment order.

Doc. 164. The motion will be denied because Plaintiffs have not met the high standard to obtain reconsideration.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. Such a motion is denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008).

Plaintiffs seek reconsideration with respect to two issues. First, Plaintiffs assert that they should be permitted to conduct discovery and file a brief on the remedy for claim four before a final summary judgment ruling. *Id.* at 2-4. Plaintiffs note that discovery related to a possible remedy in this case has been deferred until after liability issues were resolved (Doc. 101), but that decision was made before Plaintiffs asserted claim four in the third amended complaint (Doc. 126). Plaintiffs do not describe the discovery they wish to conduct concerning claim four, nor do they explain why further briefing is necessary regarding the remand issue. The motion for reconsideration will be denied in this respect.

Plaintiffs seek reconsideration of the scope of review on remand based on purported inconsistencies between the Court's factual and legal findings. Doc. 164 at 4-5. According to Plaintiffs, the Court limited BLM's consideration on remand "to exclude review of the Arizona 1 mine." *Id.* at 5. No such limitation has been imposed. The Court merely noted that, given the grant of summary judgment in Defendants' favor on claims one through three, no new plan of operations need be approved for Arizona 1 and the 1988 EA need not be supplemented. Doc. 163 at 24 n.7. The Court made clear that "BLM must, . . . in a format consistent with a categorical exclusion, explain its finding of no significant cumulative impact." *Id.* This requirement

does not exclude consideration of Arizona 1.

**IT IS ORDERED:**

1. Plaintiffs' motion for reconsideration (Doc. 164) is **denied**.

2. The post-remand briefing schedule set forth in the summary judgment order (Doc. 163 at 27) remains in effect: By **July 22, 2011**, the parties shall file simultaneous memoranda, not to exceed 10 pages in length, addressing their respective positions on (a) the merits of claim four in light of the revised decision, and (b) any remedies the Court should impose if it grants summary judgment in favor of Plaintiffs on claim four. The parties shall file simultaneous responses, not to exceed 5 pages, by **July 29, 2011**.

Dated this 27th day of June, 2011.

_____
David G. Campbell
United States District Judge