**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, et al., | No. CV09-08207-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| Salazar, et al., | |
| Defendants, | |
| and | |
| Denison Mines (USA) Corp. and Denison Arizona Strip, LLC, | |
| Defendant-Intervenors. | |

This case arises from the renewed operation of a uranium mine near Grand Canyon National Park. Plaintiffs alleged five claims in their Third Amended Complaint: (1) the U.S. Bureau of Land Management ("BLM") violated the FLPMA and 1872 Mining Law by failing to approve a new plan of operations for uranium exploration and mining activities at the Arizona 1 Mine; (2) alternatively, BLM failed to prepare a supplement to the 1988 Environmental Analysis to consider new circumstances and information relevant to environmental concerns related to the Arizona 1 Mine, in violation of NEPA; (3) BLM failed to prevent the unnecessary and undue degradation of public lands; (4) BLM violated NEPA by relying on a categorical exclusion for the 2008

free use permit issued to Mohave County to mine and extract gravel from Robinson Wash; and (5) BLM violated NEPA in making its 2008 Bonding Decision for the Arizona 1 Mine.  Doc. 126.  On April 8, 2010, Plaintiffs filed a motion for a preliminary injunction (Doc. 36), which the Court denied on June 17, 2010 (Doc. 71).  On May 27, 2011, the Court granted summary judgment in favor of Defendants and against Plaintiffs on Claims One, Two, Three, and Five.  Doc. 163.  The Court remanded the categorical exclusion issue in Claim Four to BLM for further consideration.  *Id.*  On June 27, 2011, the Court denied Plaintiff's motion for reconsideration of the May 27, 2011 summary judgment order.  Doc. 166.  Pursuant to the Court's July 22, 2011 order (Doc. 173), the parties filed simultaneous memoranda addressing their respective positions on the merits of Claim Four.  Docs. 178, 179, 180.  On October 7, 2011, the Court granted summary judgment in favor of Defendants and against Plaintiffs with respect to Claim Four. Doc. 184.

Plaintiffs have appealed the May 27, 2011 summary judgment order (Doc. 163), the June 27, 2011 order denying reconsideration (Doc. 166), and the October 7, 2011 summary judgment order (Doc. 184) to the United States Court of Appeals for the Ninth Circuit.  Doc. 186.  Plaintiffs have filed a second motion for an injunction in this Court pursuant to Federal Rule of Appellate Procedure 8(a)(1) and Federal Rule of Civil Procedure 62(c), asking the Court to enjoin all mining activities associated with the Arizona 1 Mine pending the outcome of their appeal.  Doc. 188.  Defendant-Intervenors Denison Mines (USA) Corp. and Denison Arizona Strip, LLC, and Federal Defendants Ken Salazar, Secretary of the Interior, and BLM, have filed oppositions to Plaintiff's motion.  Docs. 195, 196.  For the reasons that follow, the Court will deny the motion.

Rule 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights[.]"  Fed. R. Civ. P. 62(c).  A party seeking relief under Rule 62(c) "must establish that he is likely to succeed on the merits, that he is likely to suffer

irreparable harm in the absence of . . . relief, that the balance of equities tip in his favor, and that an injunction is in the public interest." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008)).  The first two factors of the four-part test – likelihood of success on the merits and irreparable injury – are the most critical and must be satisfied before the second two factors are considered. *Nken v. Holder*, 129 S.Ct. 1749, 1761 (2009).  "It is not enough that the chance of success on the merits be 'better than negligible.'" *Id.* (quoting *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999)).  By the same token, simply showing some possibility of irreparable injury fails to satisfy the second factor. *Id.* (citing *Winter*, 129 S.Ct. at 375).

The Ninth Circuit has held that the "serious questions" sliding scale approach to injunctions survives *Winter* when applied as part of the four-element *Winter* test. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).  "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132.

The Court initially notes that Plaintiffs "maintain that they are likely to succeed on the merits of their claims on appeal," (Doc. 191, at 4), but do not make any supporting arguments to this effect.  They argue instead that their claims have raised serious questions warranting more deliberative consideration on appeal.  Doc. 191, at 4-6.  The Ninth Circuit has held, however, that in order to reach the sliding scale analysis, "a moving party must, at an 'irreducible minimum,' demonstrate some chance of success on the merits." *Global Horizons, Inc. v. U.S. Dept. of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007) (quoting *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987)).  When a party has not shown any chance of success on the merits, no further determination of irreparable harm or balancing of hardships is necessary. *Id.* Even under the "serious questions" approach, Plaintiffs fail to meet the standard required for the Court to grant an injunction because they do not demonstrate any chance of

1    success on the merits.

2         Nor have Plaintiffs demonstrated the existence of serious questions going to the

3    merits.  "Serious questions are 'substantial, difficult, and doubtful, as to make them a fair

4    ground for litigation and thus for more deliberative investigation.'"  *Republic of the*

5    *Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (quoting *Hamilton Watch Co.*

6    *v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1952)).

7         Plaintiffs argue on Claims One and Three that the Court's prior rulings confirm

8    the existence of serious questions because the Court initially characterized BLM's

9    interpretation of its regulatory scheme as "problematic."  Doc. 191, at 5 (citing Doc. 71,

10   at 5).  Despite this initial concern, the Court ultimately concluded that the "obvious

11   import of these provisions is that a plan of operations remains effective for periods of

12   operation before and after temporary closures[.]"  Doc. 163, at 7.  The Court noted that

13   Plaintiff's reading of the regulations had several flaws and that the language and intent of

14   the regulations plainly supported BLM's application of the regulations.  *Id.* at 7-9.

15        On Claim Two, Plaintiffs assert that they are unaware of other cases in which

16   BLM has successfully characterized the actions it took at the Arizona 1 Mine as anything

17   more than monitoring activities that require no NEPA review in an environmental

18   assessment or environmental impact statement.  Doc. 191, at 5-6.  Plaintiff's lack of

19   awareness of BLM's actions in other cases does not persuade the Court that serious

20   questions of the nature contemplated by the Ninth Circuit exist on this claim.  *See*

21   *Marcos*, 862 F.2d at 1362.

22        On Claim Four, Plaintiffs argue that BLM has never before taken the position that

23   it may lawfully issue a gravel mining permit without considering the use of the gravel as

24   part of the required cumulative impact analysis.  Doc. 191, at 6.  To the contrary,

25   Defendant-Intervenors explain that BLM never claimed that it could issue free use

26   permits without performing a cumulative effects analysis under NEPA.  Doc. 195, at 9.

27   The Court agreed with BLM's position that it complied with NEPA by conducting a

28   cumulative effects analysis in this case, and found that BLM's actions were not arbitrary

and capricious when it determined that further NEPA analysis was not required. Doc. 184, at 6.

On Claim Five, Plaintiffs argue that the question of whether BLM updating a reclamation bond that facilitates uranium ore mining on public land is subject to NEPA is a novel question never previously addressed by the courts. Doc. 191, at 6. However, BLM's position in this case is consistent with other cases in this Circuit holding that such activities are not major federal actions triggering NEPA requirements. *See, e.g.*, *Sierra Club v. Penfold*, 857 F.2d 1307 (9th Cir. 1988) (affirming that the BLM's review of notice mines was not major federal action requiring environmental assessment).

In sum, Plaintiffs do not meet the *Winter* test for injunctions because they have not demonstrated a likelihood of success on the merits, or the existence of serious questions going to the merits. The Court therefore need not address Plaintiff's irreparable harm, balance of hardships, and public interest arguments.

**IT IS ORDERED:** Plaintiff's second motion for an injunction pending appeal (Doc. 188) is **denied**.

Dated this 11th day of January, 2012.

David G. Campbell
United States District Judge